UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>               Plaintiff,<br><br>v.<br><br>CENTURION OF IDAHO, LLC; and<br>C/O DINIUS,<br><br>               Defendants. | Case No. 1:23-cv-00260-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Michael T. Hayes, a prisoner in the custody of the Idaho Department of Correction ("IDOC"), is proceeding pro se and in forma pauperis in this civil rights matter.

Plaintiff claims that Defendants violated his right to adequate medical care under the Eighth Amendment. Plaintiff was initially allowed to proceed on his Eighth Amendment claims under 42 U.S.C. § 1983, the federal civil rights statute, against the following Defendants: (1) Centurion of Idaho, LLC ("Centurion"), the private entity providing Idaho inmates with medical treatment under contract with the IDOC, (2) Correctional Officer Dinius; and (3) Kayla Miller. *Init. Rev. Order*, Dkt. 14, at 4, 10, 12–13. Plaintiff's claims against Miller were later dismissed for lack of service. *See* Dkt. 25.

Defendant Dinius has filed a Motion for Summary Judgment, and the Motion is now ripe for the Court's consideration. Having carefully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that

oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1(d).

For the reasons that follow, the Court concludes as follows: (1) Dinius's actions did not violate the Eighth Amendment; and (2) even if Plaintiff's Eighth Amendment rights were violated, Dinius is entitled to qualified immunity.[1] Accordingly, the Court will grant Dinius's Motion for Summary Judgment.

## 1. Plaintiff's Notice of New Claims and Parties

As an initial matter, the Court must address Plaintiff's "Notice of New Claims and Parties To Be Filed," which Plaintiff submitted after Dinius filed the pending Motion for Summary Judgment. *See* Dkt. 35.

To the extent the Notice can be construed as a motion to amend the Complaint, the Court will deny it. The Notice purports to add claims that arose long after the events described in the Complaint. *Id.* Therefore, Plaintiff will not be allowed to proceed on any new claims against any new defendants in this action. If Plaintiff intends to pursue these new claims, he should file a new, separate civil rights action.

The Court now turns to Dinius's Motion for Summary Judgment.

## 2. Standard of Law Governing Summary Judgment

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or

---

[1] Therefore, the Court need not address Dinius's argument that Plaintiff failed to exhaust available administrative remedies.

defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

In resolving a summary judgment motion, the Court must consider the facts in the light most favorable to the non-moving party, unless the non-moving party's version of the facts is "blatantly contradicted by the record[] so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If such a blatant contradiction exists, then there is no "genuine" dispute as to that fact. *Id*.

The moving party bears the initial burden to show that each material fact cannot be disputed. Material facts are those "that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ...." *Id*. at 247–48. Rather, a case will survive summary judgment only if there is a *genuine* dispute as to a *material* fact.

To show that the material facts are not in dispute, the moving party may cite to particular parts of materials in the record or show that the nonmoving party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). Where, as here, the party moving for summary judgment would not bear the burden of proof at trial, that party may prevail simply by "pointing out to the district court[] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

MEMORANDUM DECISION AND ORDER - 3

If the moving party meets this initial responsibility, the burden then shifts to the non-moving party to establish that a genuine dispute as to any material fact does indeed exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Instead, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The Court must consider "the cited materials" in considering a motion for summary judgment, but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Rather, the "party opposing summary judgment must direct [the Court's] attention to specific, triable facts." *So. Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

That is, "if a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own." *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004). If the plaintiff fails to produce evidence, or if the evidence produced is insufficient, the Court "is not required (or even allowed) to assume the truth of the challenged allegations in the complaint." *Id*. A verified complaint by a pro se prisoner "may be treated as an affidavit to oppose summary judgment," but only "to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *opinion amended on*

*denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (quoting *McElyea v. Babbitt,* 833 F.2d 196, 197–98 & n. 1 (9th Cir. 1987)).

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(2). The Court must grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

Affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In determining admissibility for summary judgment purposes, it is the content of the evidence, rather than its form, that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the parties. Although all reasonable inferences which can be drawn from the evidence must be drawn in the light most favorable to the non-moving party, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), a court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

In cases involving pro se inmates, courts liberally construe the pleadings and briefs and "should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). However, although pro se inmates are exempted "from *strict* compliance with the summary judgment rules," they are not exempted "from *all*

compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). In opposing a motion for summary judgment, a pro se inmate must submit at least "some competent evidence," such as a "declaration, affidavit, [or] authenticated document," to support his allegations or to dispute the moving party's allegations. *Id.* at 872, 873 (upholding grant of summary judgment against pro se inmate because the "only statements supporting [plaintiff's] … argument are in his unsworn district court responses to the defendants' motion for summary judgment and to the district court's show-cause order").

## 3.    Factual Background

This section includes facts that are undisputed and material to the resolution of the issues in this case. Where material facts are in dispute, the Court has included Plaintiff's version of facts, insofar as that version is not blatantly contradicted by clear documentary evidence in the record. *See Scott*, 550 U.S. at 380.

Plaintiff's claims against Dinius are based on Dinius's actions on three occasions over two days—April 2 and 3, 2023—with respect to giving Plaintiff his pain medication at the incorrect times. At the noon pill call on April 2, Dinius and an unidentified nurse allegedly "started harassing" Plaintiff regarding Plaintiff's pain medication, which was 325 milligrams of acetaminophen (the generic form of the medication Tylenol). *Compl.*, Dkt. 8, ¶ 24.

Plaintiff was normally allowed to keep the acetaminophen with him and take it as needed. On April 2, however, Dinius "made" Plaintiff take the medication "when they gave it to him from the pill call cart." *Id*. Dinius did the same thing at a pill call later that day, as well as at one pill call the next day, April 3. *Decl. of Michael T. Hayes*, Dkt. 38-2, at 2;

*Memo. in Opp. to Mot. Summ. Jdgmt.*, Dkt. 40, at 3. Plaintiff claims he should have been allowed to keep the acetaminophen with him so he could take it later, when he actually needed it.

Plaintiff claims that Dinius's actions constituted inadequate medical treatment prohibited by the Eighth Amendment. For the following reasons, the Court disagrees.

**4.      Defendant Dinius Is Entitled to Summary Judgment**

      ***A.      Dinius Did Not Violate the Eighth Amendment***

           i.      <u>Standards of Law Applicable to Plaintiff's Claims</u>

Plaintiff brings his claims under 42 U.S.C. § 1983. To state a plausible § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff asserts his § 1983 claims under the Eighth Amendment to the United States Constitution. That amendment protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. To state a claim under the Eighth Amendment, a prisoner must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the

MEMORANDUM DECISION AND ORDER - 7

defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, … [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837). In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted).

Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at

844.

    ii.    <u>Dinius Has Shown That Plaintiff Did Not Face an Objectively Substantial Risk of Serious Harm from a Serious Medical Need, and Plaintiff Has Not Rebutted This Showing</u>

Dinius allegedly gave Plaintiff his low-dose, over-the-counter medication at the wrong times on three occasions over two days. As Dinius points out, there is nothing in the Complaint to suggest that Plaintiff faced an objectively serious risk of harm from this minor deviation from his usual practice of keeping the medication with him. The burden thus shifts to Plaintiff to demonstrate a genuine dispute of material fact.

Plaintiff has failed to do so. He has submitted no medical evidence tending to show that Dinius's actions placed Plaintiff at a substantial risk of serious harm from a serious medical need. *See McGuckin v. Smith,* 974 F.2d at 1059–60. Thus, Plaintiff cannot establish the objective prong of the Eighth Amendment analysis, and Dinius is entitled to summary judgment on that basis alone.

    iii.    <u>Dinius Has Shown That He Did Not Act with Deliberate Indifference, and Plaintiff Has Not Rebutted This Showing</u>

Even if Plaintiff's taking the acetaminophen at the incorrect times three times over two days did place Plaintiff at an objectively substantial risk of serious harm, Dinius would still be entitled to summary judgment because Plaintiff cannot show that Dinius acted with deliberate indifference to such a risk.

As Dinius has pointed out, there is no evidence in the record suggesting Dinius was aware of a substantial risk of serious harm posed by his actions. That is, Dinius has met his burden of showing that Dinius was not "aware of facts from which the inference could be

drawn that a substantial risk of serious harm exist[ed]" or that Dinius actually drew that inference. *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837). Once again, the burden shifts to Plaintiff to establish a genuine dispute as to Dinius's state of mind when he had Plaintiff take the acetaminophen at the incorrect times.

Plaintiff has submitted no evidence at all regarding the subjective prong of the Eighth Amendment analysis. Plaintiff's mere belief that Dinius was aware Plaintiff was at a substantial risk of serious harm is insufficient.

Further, Plaintiff does not allege that Dinius took any action against the advice of medical personnel—indeed, Dinius was with a nurse at the time. As a correctional officer without medical training, Dinius was permitted to rely on a nurse's opinion that having Plaintiff take his medication at the times he did was medically appropriate. *See McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (stating that non-medical personnel may rely on medical opinions of health care professionals unless "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner") (internal quotation marks omitted). Thus, Plaintiff cannot establish the subjective prong of the Eighth Amendment analysis, and Dinius is entitled to summary judgment on that basis as well.

### B.  *Dinius Is Entitled to Qualified Immunity*

Even if a plaintiff shows a violation of a constitutional right under § 1983, a defendant may still be entitled to summary judgment based on qualified immunity. The doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's

clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating the plaintiff's clearly established federal rights. *Id*. True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted).

To determine whether the right was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act. *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). In the absence of binding precedent, the district courts should look to available decisions of other circuits and district courts to ascertain whether the law is clearly established. *Id.*

The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009). For the law to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand" that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A governmental official "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that *any* reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (emphasis added). *See also*

MEMORANDUM DECISION AND ORDER - 12

*Saucier*, 533 U.S. at 202 ("The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

In addition, once a court determines that the constitutional right at issue was, in fact, clearly established, the court must then consider whether—*despite* the clearly-established nature of the right—a reasonable prison official still "could have believed the conduct was lawful." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *see also id.* ("[T]he law governing defendants' conduct was clearly established. Specifically, the law clearly established that defendants cannot transfer a prisoner from one correctional institution to another in order to punish the prisoner for exercising his First Amendment right to pursue civil rights litigation in the courts. Because the law governing defendants' conduct was clearly established, we must determine whether a reasonable prison official could have believed the conduct was lawful." (internal citation omitted)).

Application of qualified immunity is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id.* Although the Supreme Court's qualified immunity jurisprudence "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). However, if there is a genuine dispute as to the "facts and circumstances within an officer's knowledge," or "what the officer and claimant did or failed to do," summary judgment is inappropriate. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993).

In this case, the Court has found no authority clearly suggesting that a slight modification in the timing of taking 375 milligrams of acetaminophen—a low-level, over-

the counter pain reliever—would constitute deliberate indifference to an inmate's serious medical needs. Simply put, there is no clearly established law on this issue such that any reasonable officer in Dinius's position "would have understood that he was violating" the Eighth Amendment. *Plumhoff*, 572 U.S. at 779.

For this reason, even if Dinius did violate Plaintiff's right to adequate medical treatment under the Eighth Amendment, he is entitled to summary judgment on qualified immunity grounds.

**5.    Conclusion**

For the reasons explained above, Dinius had met his burden of establishing that (1) Dinius's actions did not violate the Eighth Amendment, and (2) there is no clearly established law that would have put a reasonable officer on notice that his actions violated the Eighth Amendment. And Plaintiff has not met his burden of showing that a genuine dispute of material fact does indeed exist. Accordingly, the Court will grant Dinius's Motion for Summary Judgment.

**ORDER**

**IT IS ORDERED:**

1.    Defendant Dinius's Motion for Summary Judgment (Dkt. 29) is GRANTED, and all claims against Defendant Dinius are DISMISSED with prejudice.

2.    Defendant Centurion's Motion to Amend Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases (Dkt. 48) is DENIED. Centurion complains that the Court has taken time to resolve Defendant Dinius's Motion for Summary Judgment, even though the Court's docket

says absolutely nothing about Centurion's diligence or lack thereof. However, although Centurion acknowledged that it missed the dispositive motion deadline—in *August 2024*—it does not provide any reason whatsoever for its failure to file a timely dispositive motion. Merely stating that Centurion has acted diligently is insufficient under Rule 16(b). As such, the Court cannot conclude that good cause exists to modify the dispositive motion deadline.

3.    The only remaining Defendant is Centurion. If Plaintiff and Centurion are interested in participating in the Court's Alternative Dispute Resolution program, they shall file a joint stipulation for referral to a settlement conference within 28 days after entry of this Order. If no stipulation is received, the case will be set for trial.

DATED: May 13, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 15